XAVIER BECERRA, State Bar No. 118517
Attorney General of California
KRISTIN M. DAILY, State Bar No. 186103
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7903
 Fax: (916) 324-5567
 E-mail: Kristin.Daily@doj.ca.gov
*Attorneys for Defendant
Department of Motor Vehicles*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTA BARNETT,** | 2:17-cv-01517-TLN-CKD |
| Plaintiff, | |
| v. | **DEFENDANT DMV's REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Rule 12(b)(1), (6); 12(e))** |
| **CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; SHEILA EVANS; GLENDA LOPEZ; DEBORA MONROE; MIKE MILLER; BEATRICE QUINONEZ; TAMMY WATSON; GLORIA VASQUEZ; LATOYA GUITON; JACKIE FAYNE; GEORGE MCGINNIS; JEANETTE BINION and DOES 1 through 50 inclusive,** | Date: October 31, 2019<br>Time: 2:00 p.m.<br>Dept: 2, 15th floor<br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None Set<br>Action Filed: 1/9/2018 |
| Defendants. | |

Defendant California Department of Motor Vehicles ("DMV") hereby replies to plaintiff's opposition to defendant's motion to dismiss plaintiff's First Amended Complaint ("FAC").

**INTRODUCTION**

Rather than substantively oppose various arguments in defendant DMV's motion to dismiss the FAC, plaintiff attempts to amend her complaint yet again to state viable causes of action. But plaintiff has not been granted leave for such an amendment. Moreover, her proposed Second Amended Complaint ("SAC") suffers from some of the same defects. Defendant's motion to dismiss should be granted.

**ARGUMENT**

**I. SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS UNDER THE REHABILITATION ACT.**

**A. Congress Did Not Validly Abrogate Sovereign Immunity Under the Rehabilitation Act.**

Plaintiff's opening argument is that, like the Americans with Disabilities Act ("ADA"), Congress abrogated sovereign immunity under the Rehabilitation Act by expressly stating the intent to abrogate sovereign immunity. Plaintiff's Opposition, 2:21, et seq. But plaintiff fails to apprise this Court that the United States Supreme Court has already ruled that Congress did <u>not</u> validly abrogate sovereign immunity under Title I of the ADA. <u>Bd. of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356 (2001). Similarly, defendant DMV herein argues in its opening papers that Congress did not validly abrogate sovereign immunity under the Rehabilitation Act, despite published cases holding that it did.

In her opposition, plaintiff cites only to <u>Becker v. Oregon</u>, 170 F.Supp.2d 1061 (2001), in support of her argument that Congress did validly waive the sovereign immunity of the states in enacting the ADA. Plaintiff's Opposition, 3:6. But <u>Becker</u> ruled only that sovereign immunity was validly waived under Title II of the ADA, regarding access by the disabled, not Title I of the ADA, which provides for money damages for failure to provide accommodations in employment. It also held that sovereign immunity was validly abrogated for section 701 of the Rehabilitation Act in a lawsuit brought by a disabled inmate who complained about not being able to use the shower. It was not an employment case for money damages for discrimination.

Here, plaintiff sues for money damages for employment discrimination under 29 U.S.C. section 794. Significantly, section 794 states "The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act…" As stated above, the Supreme Court has already determined that Congress did not validly abrogate sovereign immunity under Title I of the ADA. Furthermore, to the extent that the Rehabilitation Act relies on the Commerce clause, "Congress may not, of course, base its abrogation of the States' Eleventh Amendment immunity upon the powers enumerated in Article I." Bd. of Trustees of Univ. of Alabama v. Garrett, supra, 531 U.S. at 364. Congress did not validly abrogate sovereign immunity under section 5 of the Fourteenth Amendment for purposes of employment discrimination claims under the Rehabilitation Act, and defendant's motion to dismiss on this basis should be granted.

### B. Plaintiff Has Failed to Allege That Defendant Intentionally Waived Sovereign Immunity.

Plaintiff admits that her FAC does not contain allegations regarding intentional waiver of sovereign immunity. Plaintiff's Opposition, 3:12. Therefore, the motion to dismiss should be granted.

## II. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDY.

Plaintiff argues that because she alleges that she filed a complaint with the EEOC, and that her "right to sue is directly supported by Title I of the ADA," she has exhausted her administrative remedy. But plaintiff's right to sue letter specifically states under which federal statutes she is being given a right to sue, and references the ADA. Exh. A to FAC. Plaintiff's FAC does not contain a cause of action under the ADA. And while her proposed SAC does, as argued below, defendant clearly has sovereign immunity from any claim for damages under Title I of the ADA. Therefore, the motion to dismiss should be granted.

///

### III. REHABILITATION ACT CLAIMS CANNOT BE BROUGHT AGAINST INDIVIDUAL DEFENDANTS.

Plaintiff admits that she cannot bring a claim under the Rehabilitation Act against an individual defendant. Plaintiff's Opposition, 4:6. Therefore, the motion to dismiss the claims on this ground should be granted.

### IV. PLAINTIFF HAS FAILED TO ALLEGE THAT SHE IS DISABLED UNDER THE REHABILITATION ACT.

Plaintiff complains that defendants "want to focus on the issue of long-distance walking." Plaintiff's Opposition, 5:3. The reason defendant DMV referenced long-distance walking is because this was the only description in the FAC of plaintiff's alleged disability, other than the conclusory allegation of the diagnosis of asthma. If plaintiff is "substantially limited" in the major life activity of breathing, she should allege it. She has not done so (even in her proposed SAC), nor alleged facts that, if proven, would establish that she is substantially limited in a major life activity as required under the Rehabilitation Act. Therefore, the motion to dismiss should be granted.

### V. PLAINTIFF HAS CONCEDED THE MOTION FOR MORE DEFINITE STATEMENT.

By submitting the proposed SAC, plaintiff seems to concede the need for a more definite statement. Therefore, the motion should be granted. But while the proposed SAC attempts to set out the various causes of action under the Rehabilitation Act and the FEHA more clearly, plaintiff also attempts to add new causes of action under the ADA. As described below, such causes of action are impermissible against defendants.

### VI. PLAINTIFF'S SAC IS ALSO DEFICIENT

This Court has already issued an order striking the Second Amended Complaint because plaintiff has not sought nor been granted leave to file it. But even if the Court is inclined to give plaintiff yet another chance to amend her complaint, the Proposed Second Amended Complaint is also subject to a motion to dismiss.

\\\

**A.  Defendants Have Sovereign Immunity for Claims Under Title I of the ADA.**

It has long been established that the Eleventh Amendment bars suits against a state by its own citizens as well as citizens of other states. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). All private plaintiffs are subject to the Eleventh Amendment. Bair v. Krug, 853 F.2d 672, 674 (9th Cir. 1988). Absent Congress abrogating the states' immunity or consent by the state to suit in federal court, a suit against a state or one of its agencies or departments is proscribed by the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 - 101 (1984); Kirchmann v. Lake Elsinore, 83 Cal.App. 4th 1098, 1101 (Cal. App. 4 Dist. 2000). This bar applies "regardless of the nature of the relief sought." Pennhurst State School & Hospital, 465 U.S. at 101.

Title I of the ADA prohibits the States and other employers from discriminating against a qualified individual with a disability because of that disability. 42 U.S.C. § 12112. However, in 2001 the United States Supreme Court held that the Eleventh Amendment to the U.S. Constitution barred state employees' suits against their employer for money damages under Title I of the ADA. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 360 (2001). Like plaintiff in the present case, the plaintiffs in Garrett were state employees who sued their respective employers seeking money damages. In order to resolve conflicting opinions among the Courts of Appeals, the Supreme Court analyzed whether Congress had abrogated the States' sovereign immunity, thus subjecting the States to suit in federal court for money damages under the ADA. The Supreme Court concluded Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages in enacting Title I of the ADA. Id. at 374. Thus, plaintiff's claim under her first cause of action is barred by the doctrine of sovereign immunity.

Plaintiff's sixth cause of action for retaliation under the ADA is also barred. While this claim arises in Title V of the ADA, rather than Title I, it refers to the enforcement provisions in Title I, 42 U.S.C. section 12117. Therefore, this court therefore lacks subject matter jurisdiction over plaintiff's proposed claims under the ADA.

### B. Plaintiff Has Failed to State a Cause Of Action for Discrimination in Violation of the FEHA.

Plaintiff's proposed second cause of action is for discrimination in violation of the FEHA. But she does not allege an adverse action – a material change of the terms and conditions of her employment – because of any disability. She alleges only that she was denied reasonable accommodation, and that the DMV failed to engage in the interactive process, which are both set forth in her third and fourth causes of action. Therefore, the second cause of action in the proposed SAC is not viable.

### C. Plaintiff's Prayer for Punitive Damages Is Improper.

Plaintiff prays for punitive damages. Punitive damages are not permissible under state law against the State. Gov. Code §818. Punitive damages are not recoverable under the ADA or Rehabilitation Act. Barnes v. Gorman, 536 U.S. (2002). Therefore, the prayer is improper.

## CONCLUSION

For the above stated reasons, defendant DMV respectfully requests that the Court grant the motion to dismiss without leave to amend.

Dated: October 19, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California

/s/ Kristin M. Daily

KRISTIN M. DAILY
Supervising Deputy Attorney General
*Attorneys for Defendant*
*Department of Motor Vehicles*

SA2018100444
Reply.docx

# CERTIFICATE OF SERVICE

Case Name:  **Roberta Barnett v. DMV, et al.**   No.   **2:17-cv-01517-TLN-CKD**

I hereby certify that on October 18, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT DMV's REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Rule 12(b)(1), (6); 12(e))**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 18, 2019, at Sacramento, California.

| Marianne Baschiera | *Marianne Baschiera* (signed) |
|---|---|
| Declarant | Signature |

SA2018100444
14198944.docx