UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT, | No. 2:17-cv-01517-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al., | |
| Defendants. | |

This matter is before the Court on Defendant California Department of Motor Vehicle's ("Defendant") Motion to Dismiss. (ECF No. 25.) Plaintiff Roberta Barnett ("Plaintiff") filed an opposition. (ECF No. 26.) Defendant filed a reply. (ECF No. 29.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

///
///
///
///
///
///
///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges Defendant, her employer, refused to provide Plaintiff with a reasonable accommodation for parking despite knowing she had difficulty walking due to her chronic asthma. (ECF No. 24 at 3–11.) Plaintiff further alleges Defendant subsequently harassed and retaliated against her because of her request for accommodation. (*Id.*) Plaintiff filed the operative First Amended Complaint ("FAC") on September 2, 2019, alleging two claims against Defendant for disability discrimination under the Rehabilitation Act. (*Id.*) On September 23, 2019, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Procedure ("Rule") 12(b)(1) and 12(b)(6). (ECF No. 25.) Plaintiff filed an opposition and proposed Second Amended Complaint ("SAC") on October 7, 2019.[1] (ECF Nos. 26, 27.) Defendant filed a reply on October 18, 2019. (ECF No. 29.)

II. **STANDARD OF LAW**

A. Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations."). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

///

---

[1] Plaintiff's SAC was stricken as improperly filed, as the Court's Initial Pretrial Scheduling Order requires a showing of good cause and the Court's leave to amend the pleadings (*see* ECF No. 8 at 2). (ECF No. 28.) Plaintiff's FAC, the subject of the pending motion to dismiss, is operative.

2

B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

3

in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's claims for several reasons: (1) Plaintiff has not alleged Defendant waived sovereign immunity, which bars Plaintiff's claims; (2) Plaintiff failed to exhaust administrative remedies because her right to sue notice from the Equal Employment Opportunity Commission ("EEOC") states she has the right to sue Defendant under Title I of the Americans with Disabilities Act ("ADA") and does not address the Rehabilitation Act; (3) Plaintiff improperly brought her claims against individual Defendants; and (4) Plaintiff fails to allege she is disabled under the Rehabilitation Act because not being able to walk long distances due to asthma is not a substantial limitation on a major life activity. (*See* ECF No. 25-1.) Alternatively, Defendants move for a more definite statement under Rule 12(e). (*Id.* at 9.)

Plaintiff responds to each of Defendant's arguments. First, Plaintiff concedes she did not clearly allege that Defendant waived its sovereign immunity but indicates her SAC corrects this oversight. (ECF No. 26 at 3.) Second, Plaintiff argues she adequately alleges administrative exhaustion because her Rehabilitation Act claim was within the scope of her administrative complaint. (*Id.*) Third, Plaintiff agrees her claims cannot be brought against individual Defendants and corrects this in her SAC. (*Id.* at 4.) Fourth, Plaintiff argues she adequately alleges she is disabled. (*Id.* at 4–5.) As to Defendant's motion for a more definite statement, Plaintiff asserts the proposed SAC provides a more clear and definite statement of her claims. (*Id.* at 5.)

At the outset, Plaintiff concedes many points (her failure to allege Defendant waived sovereign immunity, her improper assertion of Rehabilitation Act claims against individual Defendants, and the need for a more definite statement) and seeks to correct those deficiencies in the SAC. The Court need not and does not address Defendant's arguments on those points.[2] Defendant's only remaining arguments concern administrative exhaustion and whether Plaintiff

---

[2] To the extent Defendant argues its sovereign immunity cannot be waived, the Court is bound by Ninth Circuit authority holding that a state waives sovereign immunity by accepting federal funding. *See, e.g.*, *Vinson v. Thomas*, 288 F.3d 1145, 1151 (9th Cir. 2002) ("States are subject to suit in federal court under [§] 504 of the Rehabilitation Act if they accept federal Rehabilitation Act funds."). Plaintiff indicates she can amend her FAC to allege Defendant receives such federal funds (ECF No. 26 at 3), and the Court therefore grants her request to do so.

adequately alleges she is disabled within the meaning of the Rehabilitation Act. The Court will address both arguments in turn.

### A. Administrative Exhaustion

Plaintiff must exhaust administrative remedies prior to bringing a Rehabilitation Act claim. *See Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003); *see also McCarthy v. Brennan*, 230 F. Supp. 3d 1049, 1058 (N.D. Cal. 2017). The exhaustion requirement allows "the agency an opportunity to investigate the charge," provides the "charged party notice of the claim," and "narrow[s] the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (internal quotation marks and citation omitted). Generally, allegations in a civil complaint are within the scope of an administrative charge if they are "like or reasonably related to the allegations made in the charge of discrimination." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1082 (9th Cir. 2000) (per curiam) (citation and internal quotation marks omitted). "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation which can reasonably be expected to grow out of the charge of discrimination." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001).

In the instant case, the allegations in Plaintiff's administrative complaint and Rehabilitation Act claim appear to be the same — that Defendant discriminated, harassed, and retaliated against her based on a disability. (ECF No. 24-2 at 5–6; ECF No. 24 at 12.) Importantly, administrative complaints do "not demand procedural exactness." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990) (citation and internal quotation marks omitted). "It is sufficient that the [agency] be apprised, in general terms, of the alleged discriminatory parties and the alleged discriminatory acts." *Id.* Based on this liberal standard, Defendant fails to persuade the Court that Plaintiff's administrative complaint was insufficient to satisfy the purposes of exhaustion. *See Boyd v. U.S. Postal Service*, 752 F.2d 410, 413–14 (1985) (noting that the Rehabilitation Act incorporates the types of discrimination claims available under the ADA).

### B. Whether Plaintiff Adequately Pleaded a Disability

Defendant next argues Plaintiff's asthma does not qualify as a "disability" within the meaning of the Rehabilitation Act. (ECF No. 25-1 at 8–9.) The Rehabilitation Act defines a

disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual" and lists examples of "major life activities," such as walking and breathing. 42 U.S.C. § 12102.

In opposition, Plaintiff argues her asthma severely limits her ability to breathe or walk long distances. (ECF No. 26 at 5.) In the FAC, Plaintiff alleges walking to and from her parking spot to work exacerbated her chronic asthma and caused bronchitis. (ECF No. 24 at 5–6.) Defendant cites *Becerril v. Pima Cnty. Assessor's Off.*, 587 F.3d 1162 (9th Cir. 2009), to argue Plaintiff has not shown her asthma *substantially* limits a major life activity. (ECF No. 25-1 at 8.) In *Becerril*, the court found the plaintiff had not raised a triable issue that her temporomandibular disorder substantially limited her ability to speak or eat. 587 F.3d at 1164. However, *Becerril* was decided on a motion for summary judgment, not a motion to dismiss. *Id.* Plaintiff is not required to prove her case at this early stage. Taking Plaintiff's allegations as true and drawing all reasonable inferences in her favor, there is at the very least a reasonable inference that Plaintiff's chronic asthma substantially limits her ability to walk and breathe, which are major life activities under the Rehabilitation Act. *See* 42 U.S.C. § 12102. As such, Plaintiff adequately alleges she is disabled for the purpose of her Rehabilitation Act claims.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (ECF No. 25) as follows:

1. The Court GRANTS Defendant's motion as to those arguments that were essentially unopposed (Plaintiff's failure to allege Defendant waived sovereign immunity, her improper assertion of Rehabilitation Act claims against individual Defendants, and the need for a more definite statement) with leave to amend. Plaintiff may clarify her claims and add new claims that are within the scope of her existing allegations; and

2. The Court DENIES Defendant's motion as to administrative exhaustion and whether Plaintiff adequately alleges a disability under the Rehabilitation Act.

///

///

Plaintiff may file an amended complaint no later than 30 days from the electronic filing date of this Order. Defendant's responsive pleading is due no later than 21 days thereafter.

IT IS SO ORDERED.

Date: September 13, 2021

Troy L. Nunley
United States District Judge