UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>    Defendants. | No. 2:17-cv-01517-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Defendant California Department of Motor Vehicle's ("Defendant" or "DMV") Motion to Dismiss.[1] (ECF No. 35.) Plaintiff Roberta Barnett ("Plaintiff") filed an opposition (ECF No. 37), and Defendant filed a reply (ECF No. 40). For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

///
///
///
///
///
///
///

---

[1] Defendant Sheila Evans did not join in the motion.

1

## I. Factual and Procedural Background

Plaintiff alleges Defendant, her employer, refused to provide Plaintiff with a reasonable accommodation for parking despite knowing she had difficulty walking due to her chronic asthma.  (ECF No. 32 at 4–6.)  Plaintiff further alleges Defendant subsequently harassed and retaliated against her because of her request for accommodation.  (*Id.* at 7.)  Plaintiff filed the operative Second Amended Complaint ("SAC") on October 6, 2021, alleging claims under the Title I of the Americans with Disabilities Act ("Title I ADA claim"), the Rehabilitation Act, and California's Fair Employment and Housing Act ("FEHA").  (*Id.* at 12–19.)  On October 27, 2021, Defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6).  (ECF No. 35.)

## II. Standard of Law

### A. Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations.").  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

### B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

### III.   ANALYSIS

Defendant moves to dismiss the SAC on two grounds: (1) Plaintiff's Title I ADA claim (Claim One) is barred by sovereign immunity; and (2) Plaintiff's FEHA claims (Claims Two through Four) are barred by the statute of limitations.  (ECF No. 35-1 at 1–2.)  The Court will address Defendant's arguments in turn.

#### A.   Claim One

Defendant argues Eleventh Amendment sovereign immunity bars Plaintiff's Title I ADA claim for monetary damages.  (*Id.* at 4.)  Defendant cites *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001), to support this proposition.  (*Id.*)  In opposition, Plaintiff acknowledges that *Garrett* precludes monetary damages under Title I of the ADA.  (ECF No. 37 at 2.)  However, Plaintiff argues her requested relief broadly includes other remedies, such as injunctive relief.  (*Id.*)  In reply, Defendant argues Plaintiff failed to successfully assert a claim for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908).  (ECF No. 40 at 2.)

"The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."  *Garrett*, 531 U.S. at 363.  Sovereign immunity also extends to state agencies.  *Durning v. Citibank*, 950 F.2d 1419, 1423 (9th Cir. 1991).  While Congress may abrogate states' Eleventh Amendment immunity, the Supreme Court in *Garrett* held that Congress did not do so in Title I of the ADA.  *Garrett*, 531 U.S. at 374 n.9.

The parties seem to agree that Plaintiff cannot bring a Title I ADA claim for monetary damages under *Garrett*.  In arguing she seeks relief other than monetary damages, Plaintiff cites the final line in her prayer for relief, which states that she seeks "such other and further relief as

4

the Court deems property in the premises." (ECF No. 37 at 2.)  It is unclear what Plaintiff means by "property in the premises" — or if that was written in error — but the Court declines to construe the sentence to include injunctive relief, especially when there is no mention of injunctive relief anywhere in the SAC.  Moreover, the *Ex parte Young* doctrine precludes injunctive relief against the DMV.  (ECF No. 40 at 2); *see Mohsin v. Cal. Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1012 (E.D. Cal. 2014) ("A claim against the state under Title I of the ADA is permissible only when the plaintiff brings suit *against state officials* for prospective injunctive and declaratory relief . . .") (emphasis in original) (citing *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006)).  Accordingly, the Court GRANTS Defendant's motion to dismiss Claim One.  However, based on Plaintiff's representations that she seeks other forms of relief for her Title I ADA claim that may circumvent sovereign immunity, the Court will give Plaintiff the opportunity to amend.

### B.  Claims Two through Four

Defendant next argues the Court should dismiss Claims Two through Four because "Plaintiff failed to file any civil complaint under the FEHA until more than three and a half years after her time to do so expired." (ECF No. 35-1 at 4.)  In opposition, Plaintiff argues her FEHA claims relate back to the original complaint under Rule 15(c)(1)(B) and therefore are not barred by the statute of limitations.  (ECF No. 37 at 2.)

"An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." *Asarco, LLC v. Union Pac. R.R. Co.,* 765 F.3d 999, 1004 (9th Cir. 2014).  Under Rule 15(c), an amended complaint relates back to the original complaint when it asserts a claim "that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In the instant case, Plaintiff's FEHA claims in the SAC stem from the same conduct set out (or attempted to be set out) in her original complaint — namely, Defendant's failure to provide Plaintiff with a parking spot despite her physical disability.  (*See* ECF No. 1.)  Defendant has not provided authority to persuade the Court otherwise.  The FEHA claims thus relate back to

5

the original complaint under Rule 15(c)(1)(B).[2]  Therefore, the Court DENIES Defendant's motion to dismiss Claims Two through Four.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (ECF No. 35) as follows:

1. Defendant's Motion to Dismiss Claim One is GRANTED with leave to amend; and
2. Defendant's Motion to Dismiss Claims Two through Four is DENIED.

Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order.  If Plaintiff opts not to file an amended complaint, this action will proceed on the remaining claims in the SAC.  Defendant shall file a responsive pleading not later than twenty-one (21) days from the filing of the amended complaint, or, if Plaintiff opts to proceed on the SAC, not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

**DATED: July 18, 2022**

_____
Troy L. Nunley
United States District Judge

---

[2] In reply, Defendant argues that Plaintiff failed to exhaust administrative remedies for her failure to accommodate or failure to engage in the interactive process claims and failed to serve Defendant Sheila Evans as required by Rule 4(m). (ECF No. 40 at 2–3.)  However, Defendant did not raise these arguments in its original motion.  The Court need not and does not consider these arguments as they were raised for the first time in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).