UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>MOTOR VEHICLES, et al.,<br><br>Defendants. | 2:17-cv-01517-TLN-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Roberta Barnett, proceeds pro se after the court granted plaintiff's former counsel's withdrawal on March 24, 2023. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff seeks leave to file a third amended complaint under Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 55, 56.) Pursuant to Local Rule 230(g), the court took the motion under submission on the record and briefs on file and vacated the hearing set for August 30, 2023. For the reasons set forth below, the undersigned recommends that plaintiff's motion for leave to file a third amended complaint be denied.

**I.      Background**

Proceeding on the second amended complaint ("SAC") filed on October 7, 2019 (ECF No. 32), plaintiff alleges defendant, who was her employer, refused to provide her with a reasonable accommodation for parking despite knowing she had difficulty walking due to chronic asthma.

1

(Id. at ¶¶ 15-26.) Plaintiff alleges defendant harassed and retaliated against her because of her request for accommodation. (Id. at ¶¶ 32-52.) Defendant put up "roadblocks" to plaintiff's advancement and denied plaintiff training which hindered her access to be promoted or transferred. (Id. at ¶ 42.) Plaintiff eventually had to leave work on a request for workers compensation due to the stress from the retaliation and harassment. (Id. at ¶ 47.)

The SAC brought claims against defendant as follows: (1) violation of Title I of the Americans with Disabilities Act ("ADA"); (2) disability discrimination in violation of California Fair Housing and Employment Act ("FEHA"); (3) failure to reasonably accommodate under the FEHA; (4) failure to engage in the interactive process under the FEHA, (5) disability discrimination under the Rehabilitation Act ("RA");  and (6) retaliation under the RA. (ECF No. 32 at ¶¶ 58-106.) The first claim, under the ADA, was dismissed on July 19, 2022. (ECF No. 41 at 6.) Following that dismissal, in the operative SAC, plaintiff proceeds with causes of action under the Rehabilitation Act and under California's FEHA.

In the motion to amend presently before the court, plaintiff seeks leave to file a third amended complaint ("TAC"). (ECF Nos. 55, 56.) The proposed TAC pleads state-law causes of action as follows: (1) disability discrimination under the FEHA; (2) failure to accommodate under the FEHA; (3) failure to engage in the interactive process under FEHA; (4) hostile work environment (harassment and retaliation) under the FEHA; (5) a cause of action under the California Whistleblower Protections Act; (6) causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress. (ECF No. 56 at ¶¶ 69-230.) Plaintiff also seeks to add various individual defendants who were employees or supervisors working for defendant and who discriminated against and harassed plaintiff. (Id. at ¶¶ 4, 12.) Plaintiff alleges she reported wrongdoing and was subsequently harassed as well as physically assaulted by defendant's employee. (ECF No. 55 at ¶¶ 1-7.) Plaintiff further requests to add a separate "Addendum Complaint" with claims under 42 U.S.C. §§ 1983 and 1985 against "Sacramento Police Department" and a cause of action for intentional or negligent infliction of emotional distress against Angelina Ray and Farhad Khojasteh, her former attorneys in this action. (ECF No. 55 at 2; see also ECF No. 56 at 37-48.)

1         Plaintiff's motion states "newly discovered information warrants an amended pleading."

2    (ECF No. 55 at 3.) Plaintiff alleges she reported the events that underlie the proposed hostile

3    work environment and whistleblower claims to her former attorneys, Angelina Ray and Farhad

4    Khojasteh, but "[b]oth attorneys removed statements, and or minimized these events… and

5    causes of action[ ]." (ECF No. 55 at 8.) Plaintiff argues her former attorneys acted to "conceal,

6    deprive, diminish, and restrict recovery and redress." (Id. at 15.) Attorney Ray removed names of

7    defendants from the case without plaintiff's permission or knowledge. (Id. at 14.) Plaintiff "was

8    not made aware of the events that were occurring with the lawsuit." (Id. at 16.) Plaintiff alleges

9    there was "a refusal to investigate" by "those employed within their official capacity." (ECF No.

10   56 at ¶ 38.)

11        Defendant opposes amendment, arguing (1) the proposed amendment would prejudice

12   defendant; (2) amendment is sought in bad faith; (3) amendment would cause undue delay; and

13   (4) amendment is futile. (ECF No. 58 at 4-10.) Defendant argues it would be prejudiced by the

14   amendment because the case was filed more than five years ago, with allegations that date back as

15   far as nine years, and that plaintiff is attempting to add whistleblower and sexual harassment

16   claims dating back over eight years. (Id. at 4.) Defendant notes it substantively addressed the

17   deficiencies in the whistleblower claim years ago, and plaintiff did not include the cause of action

18   in subsequent complaints. (Id. at 4.) Defendant argues plaintiff's disagreement with her former

19   counsel's decisions is not a reason for defendant to be made to defend against stale claims that

20   were dismissed for failure to state a claim and not included in subsequent complaints. (Id.)

21   Plaintiff did not file the optional reply brief with a response to defendant's arguments. See Local

22   Rule 230(d).

23      **II.**    **Legal Standard**

24        When a party may not amend as a matter of course, that party "may amend ... only with

25   the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although

26   courts should freely give leave when justice requires, a variety of reasons may be sufficient to

27   deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v.

28   Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Courts in the Ninth Circuit consider the following

factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended its complaint." <u>Ascon Properties, Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing <u>Leighton</u>, 833 F.2d at 186-87 & n. 3). "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [the] complaint." <u>Leighton</u>, 833 F.2d at 186 (internal quotation marks omitted); <u>Ascon Props., Inc.</u>, 866 F.2d at 1160. Absent prejudice or another strong showing against allowing amendment, a presumption in favor of granting leave to amend exists under Rule 15(a). <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

Separately, under Rule 16(b), "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." <u>Zivokovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at, 609).

### III. Discussion

#### A. No Good Cause to Modify the Scheduling Order

Plaintiff does not show she has been diligent in seeking to add the proposed additional claims. On October 25, 2022, the court issued a scheduling order which ordered "[n]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (ECF No. 45 at 1.) Under that scheduling order, as modified, discovery is currently set to close on November 6, 2023. (ECF No. 51.)

Plaintiff's former counsel filed their motion to withdraw as counsel and served a copy on plaintiff by United States mail on December 5, 2022. (<u>See</u> ECF No. 47-2 at 1.) On March 24, 2023, the court granted the motion to withdraw as counsel, leaving plaintiff pro se. (ECF No. 53.) On March 27, 2023, the court issued a minute order, a copy of which was served to plaintiff by

1    mail, informing the parties on notice that "[t]he deadlines and other terms of the 10/25/2022

2    Pretrial Scheduling Order (ECF No. 45), as modified by the Stipulation and Order filed 1/13/2023

3    (ECF No. 51), remain in effect." (ECF No. 54.) Plaintiff did not seek to file the third amended

4    complaint until four months later, on July 26, 2023. (See ECF No. 55.) Plaintiff filed the pending

5    motion for leave to amend approximately eight months after the court ordered that good cause

6    would be required for further amendments to pleadings. However, plaintiff has not shown good

7    cause.

8           As set forth above, Rule 16(b)'s "good cause" standard "focuses on the reasonable

9    diligence of the moving party." Noyes v. Kelly Svs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); see

10   Johnson, 975 F.2d at 609 ("The district court may modify the pretrial schedule 'if it cannot

11   reasonably be met despite the diligence of the party seeking the extension.'" (quoting Fed. R. Civ.

12   P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a

13   finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

14          Plaintiff alleges in a conclusory manner that "newly discovered information warrants an

15   amended pleading." (ECF No. 55 at 3.) Plaintiff blames former counsel because plaintiff "was not

16   made aware of the events that were occurring with the lawsuit" (Id. at 16), but the allegations

17   directed toward plaintiff's former attorneys do not demonstrate diligence. To the contrary,

18   plaintiff was or should have been aware of the facts supporting the proposed new claims against

19   defendant since the inception of the action.

20          Particularly during the four-month period after plaintiff's former counsel withdrew,

21   nothing about the conduct of plaintiff's former attorneys can assist plaintiff to show diligence.

22   See Cano v. Schriro, 236 F.R.D. 437, 439 (D. Ariz. 2006) ("Vague 'events and violations' are not

23   enough to show diligence, or establish good cause."), aff'd, 269 F. App'x 755 (9th Cir. 2008).

24   While the court will liberally construe pro se pleadings, plaintiff must still comply with Rule

25   16(b)'s diligence requirement. See, e.g., Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (pro

26   se litigants are obligated to "follow the same rules of procedure that govern other litigants.").

27   "Courts have held that waiting… two months after discovery of new facts to file a motion for

28   leave to amend does not constitute diligence under Rule 16." Ogier v. KC Care, LLC, No. 3:18-

5

1   CV-00361-YY, 2019 WL 3210089, at *3 (D. Or. June 17, 2019) (collecting cases), report and

2   recommendation adopted, No. 3:18-CV-0361-YY, 2019 WL 3206839 (D. Or. July 15, 2019); see

3   also Schwerdt v. Int'l Fidelity Ins. Co., 28 F. App'x. 715, 719-20 (9th Cir. 2002) (delay of one

4   month to inform opposing party of intent to seek leave to amend after learning of facts from a

5   witness' deposition does not constitute diligence under Rule 16).

6        Plaintiff was not diligent in waiting eight months after the cut-off date for amendment of

7   pleadings and four months after the court granted the withdrawal of plaintiff's former counsel to

8   file the pending motion for leave to amend. See Johnson, 975 F.2d at 610 ("The district court did

9   not abuse its discretion when it denied his motion to amend… made four months after the cut-off

10  date for amendment had expired."); Plaintiff's failure to show diligence is fatal to the motion to

11  amend, see id. at 609, and it should be denied on this basis.

12                **B.      Rule 15 Factors Also Weigh Against Granting Leave to Amend**

13       Factors relevant under Rule 15 of the Federal Rules of Civil Procedure also weigh against

14  allowing leave to amend. As set forth in subsection C below, allowing amendment would be an

15  exercise in futility for most of plaintiff's proposed new claims against defendant.

16       Moreover, being voluminous at a total of 506 pages, including the separate proposed

17  "Addendum Complaint" and hundreds of pages of attached exhibits, the proposed third amended

18  complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires,

19  in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to

20  relief[.]" Fed. R. Civ. P. 8(a)(2). If the motion for leave to file a third amended complaint were

21  granted, it is likely that this case would be substantially delayed. The claims in the proposed third

22  amended complaint are not stated in a "simple, concise, and direct" manner, and instead are

23  "complicated, lengthy, and meandering." California Coal. for Fams. & Child. v. San Diego Cnty.

24  Bar Ass'n, 657 F. App'x 675, 678 (9th Cir. 2016) (holding the district court did not abuse its

25  discretion in denying leave to amend). In addition, the hundreds of pages of attached exhibits are

26  not in any apparent order. The manner of presentation of the exhibits—without a table of contents

27  and without any clear references or descriptions in the body of the complaint—makes it very

28  difficult for defendant and the court to ascertain what they are intended to show.

1    Plaintiff's allegations underlying her proposed hostile work environment and

2    whistleblower claims go back several years. (See, e.g., ECF No. 56 at ¶¶ 182-85 (alleging

3    plaintiff reported the assault and a hostile work environment in 2016 and 2017.) From further

4    delay, defendant would face prejudice in the form of an increased risk of witnesses' memories

5    fading, at a minimum. Where plaintiff has not been diligent, to put defendant "through the time

6    and expense of continued litigation on a new theory, with the possibility of additional discovery,"

7    would cause undue prejudice. Troxel Manufacturing Co. v. Schwinn Bicycle Co., 489 F.2d 968,

8    971 (6th Cir.1973), cert. denied, 416 U.S. 939 290 (1974); see also MV American Queen v. San

9    Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir. 1983) (upholding denial of

10   motion to amend where "new allegations would totally alter the basis of the action, in that they

11   covered different acts, employees and time periods necessitating additional discovery").

12          **C.      Futility of Amendment**

13                 **1.      Proposed Common Law Causes of Action**

14   Plaintiff's causes of action for intentional and negligent infliction of emotional distress

15   were pleaded in the original complaint as the fifth claim for damages. (ECF No. 1 at ¶¶ 65-71.)

16   These causes of action were dismissed without leave to amend. (ECF No. 22.) Amendment to add

17   these proposed claims would be futile.

18                 **2.      Proposed Hostile Work Environment Claim under the FEHA**

19   Plaintiff proposes to add a cause of action under the FEHA for "Failure to Prevent &

20   Hostile Work Environment – Title VII: Harassment & Retaliation." (ECF No. 56 at p. 17.) Citing

21   paragraph 156 of the proposed third amended complaint, defendant argues plaintiff's basis for

22   this claim appears to be sexual harassment. (ECF No. 58 at 6-7.) Plaintiff has failed to exhaust

23   administrative remedies for a FEHA claim to the extent it is based on sexual harassment.

24    "FEHA requires a complaint to be filed with the California Department of Fair

25   Employment and Housing ("DFEH")[1] within one year of the alleged unlawful practice." Burton

26   v. New United Motor Mfg., 127 F. App'x 283, 285 (9th Cir. 2005) (citing Cal. Gov't Code §

27

28   [1] Defendant notes the DFEH is now known as the Civil Rights Department. (ECF No. 58 at 6.)

7

1   12960). "[E]xhaustion of the [FEHA] administrative remedy is a jurisdictional prerequisite[.]"

2   Okoli v. Lockheed Tech. Operations Co., 36 Cal. App. 4th 1607, 1613 (1995).[2] "[W]hen an

3   employee seeks judicial relief for incidents not listed in his original charge," only claims "like or

4   reasonably related to the allegations of the [ ] charge" are considered exhausted. Id. at 1614

5   (FEHA retaliation cause of action required a charge alleging retaliation).

6       Plaintiff's complaint to the DFEH stated its basis was "disability discrimination and/or

7   retaliation, Other" during January 2016 to June 2016, and did not reference sexual harassment.

8   (See ECF No. 1-1 at 5; ECF No. 56 at ¶ 66.). Amendment to add a hostile work environment

9   claim based on sexual harassment would be futile. See Frederickson v. United Parcel Serv., No.

10  C-97-3644 VRW, 1999 WL 129534, at *2 (N.D. Cal. Mar. 8, 1999) ("A disability discrimination

11  claim… is not like or reasonably related to a claim of sex discrimination or sexual harassment.");

12  Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985) (dismissing FEHA claim on the

13  basis that the plaintiff failed to exhaust administrative remedies).[3]

14                    **3.      Proposed Whistleblower Protection Act Claim**

15      Plaintiff proposes to add a claim for a violation of the California Whistleblower Act under

16  "Codes §§ 1102.5, §§ 8547.3(a)(b)(c), §§ 8547.8(b)(c)(e)(f)[.]" (ECF No. 56 at ¶¶ 182-229.)

17  Defendant argues plaintiff has failed to exhaust administrative remedies for such a claim. (ECF

18  No. 58 at 6.) Plaintiff did, however, attempt to set out a "California Whistleblower Protections

19  Act" claim in the original complaint as the second claim for relief. (See ECF No. 1 at ¶¶ 52-56.)

20  _____

21  [2] Though not raising the issue here, defendant anticipates filing a motion for summary
    adjudication arguing plaintiff failed to exhaust her administrative remedy for any failure to

22  reasonably accommodate a disability or failure to engage in the interactive process. (ECF No. 58
    at 7.)

23

24  [3] In addition, amendment to add plaintiff's proposed FEHA claims against individual defendants
    who have not been served would also be futile. The proposed third amended complaint fails to

25  allege exhaustion of administrative remedies for claims against individual defendants. See
    Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1248 (N.D. Cal. 2014) (dismissing FEHA

26  harassment claims against individual defendants "because Plaintiff failed to exhaust
    administrative remedies as to those defendants"). To any extent plaintiff proposes to bring FEHA

27  discrimination and/or retaliation claims against individual defendants, those claims are not
    cognizable. See id. at 1248 (noting that under California law, discrimination and retaliation

28  FEHA claims can only be brought against the employer).

                                              8

1    Defendant also argues a whistleblower retaliation claim is untimely because it does not relate

2    back to the filing of the original complaint which only set forth extremely vague allegations.

3    (ECF No. 58 at 7.)

4         Having found that plaintiff was not diligent in seeking amendment and that defendant

5    would suffer undue prejudice if amendment were allowed, the court need not resolve defendant's

6    argument that amendment to add plaintiff's whistleblower retaliation claim would be futile

7    because it does not relate back and/or because it is unexhausted. Nevertheless, the court notes that

8    as of January 1, 2014, California's Labor Code was amended to state "[a] n individual is not

9    required to exhaust administrative remedies or procedures in order to bring a civil action under

10   any provision of this code, unless that section under which the action is brought expressly

11   requires exhaustion of an administrative remedy." Cal. Labor Code § 244(a); see also § 98.7(g)

12   ("In the enforcement of this section, there is no requirement that an individual exhaust

13   administrative remedies or procedures."). These amendments have been applied retroactively to

14   render administrative exhaustion unnecessary for claims brought pursuant to section 1102.5.

15   Reynolds v. City & Cnty. of San Francisco, 576 F. App'x 698, 701 (9th Cir. 2014).[4]

16        **IV.    Conclusion and Recommendation**

17        Plaintiff has not been diligent in seeking leave to file the third amended complaint and has

18   not shown good cause for a modification of the scheduling order under Rule 16 of the Federal

19   Rules of Civil Procedure. In addition, granting leave to amend would cause delay and undue

20   prejudice to defendant such that leave to amend should be denied under Rule 15 of the Federal

21   Rules of Civil Procedure.

22   ////

23

24   [4] In contrast to the general rule for the Labor Code, the sections of the Government Code cited in
     support of plaintiff's proposed whistleblower retaliation claim do require exhaustion. See Cal.
25   Gov. Code, § 8547.8(c) (requiring exhaustion with the State Personnel Board); State Bd. of
     Chiropractic Exam'rs v. Superior Court of Sacramento Cnty., 45 Cal.4th 963, 972 (Cal. 2009)
26   (describing exhaustion requirement of Cal. Gov't Code § 8547.8); Bjorndal v. Superior Ct., 211
     Cal. App. 4th 1100, 1108 (2012) ("a cause of action pleaded under section 8547.3 is subject to
27   dismissal… for failure to exhaust administrative remedies if it fails to allege compliance with…
     section 8547.8").
28

1    In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion

2  for leave to file a third amended complaint (ECF No. 55) be denied.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties. Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

8  shall be served on all parties and filed with the court within fourteen (14) days after service of the

9  objections. The parties are advised that failure to file objections within the specified time may

10 waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

11 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12 Dated:  September 7, 2023

13                                      _____
                                        CAROLYN K. DELANEY
14                                      UNITED STATES MAGISTRATE JUDGE

15

16  8
    Barnett17cv1517.r15.fr

10