UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,<br><br>Defendants. | 2:17-cv-01517-TLN-CKD (PS)<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, Roberta Barnett, proceeds pro se after the court granted withdrawal of plaintiff's former counsel on March 24, 2023. This matter is before the undersigned pursuant to Local Rule 302(c)(21). <u>See</u> 28 U.S.C. § 636(b)(1).

Plaintiff seeks leave to file a third amended complaint[1] under Rule 15 of the Federal Rules of Civil Procedure. (ECF Nos. 66, 68.) The parties appeared via videoconference for a hearing on February 7, 2024. Kristin Daily appeared on behalf of the defendant, California Department of Motor Vehicles, and Roberta Barnett appeared pro se. For the reasons set forth below, the undersigned recommends the motion for leave to file a further amended complaint be denied.

---

[1] One of plaintiff's moving papers references a fourth amended complaint and the proposed amended pleading is titled fourth amended complaint. If allowed, though, an amended pleading would be the third amended complaint.

1

**I. Background**

Proceeding on the second amended complaint ("SAC") filed on October 7, 2019 (ECF No. 32), plaintiff alleges defendant, her former employer, refused to provide her with a reasonable accommodation for parking despite knowing she had difficulty walking due to chronic asthma. (Id. at ¶ 15-26.) Plaintiff alleges defendant harassed and retaliated against her because of her request for accommodation. (Id. at ¶¶ 32-52.) Defendant put up "roadblocks" to plaintiff's advancement and denied plaintiff training which hindered her access to be promoted or transferred. (Id. at ¶ 42.) Under the complaint's allegations, plaintiff eventually had to leave work on a request for workers compensation due to the stress from the retaliation and harassment. (Id. at ¶ 47.)

The SAC brought claims against defendant as follows: (1) violation of Title I of the Americans with Disabilities Act ("ADA"); (2) disability discrimination in violation of California Fair Housing and Employment Act ("FEHA"); (3) failure to reasonably accommodate under the FEHA; (4) failure to engage in the interactive process under the FEHA, (5) disability discrimination under the Rehabilitation Act ("RA");  and (6) retaliation under the RA. (ECF No. 32 at ¶¶ 58-106.) The ADA claim was dismissed on July 19, 2022. (ECF No. 41 at 6.) Following that dismissal, plaintiff proceeds with the causes of action under the RA and under the FEHA in the operative SAC.

In the motion to amend presently before the court, plaintiff seeks leave to file a third amended complaint ("TAC"). (ECF No. 68.) The proposed TAC pleads state-law causes of action as follows: (1) disability discrimination under the FEHA; (2) failure to accommodate under the FEHA; (3) failure to engage in the interactive process under FEHA; (4) hostile work environment (harassment and retaliation) under the FEHA; and (5) a cause of action under the California Whistleblower Protections Act. (ECF No. 66 at ¶¶ 69-229.) The proposed TAC also references causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress. (Id. at p. 45.)[2]

---

[2] Citations to page numbers in plaintiff's moving papers refer to the page numbers assigned by CM/ECF at the top of the page.

Plaintiff seeks to add various individual defendants who were employees or supervisors working for defendant and who allegedly harassed and discriminated against plaintiff. (ECF No. 66 at ¶¶ 4, 12.) Plaintiff also proposes a separate "Addendum Complaint" with claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and claims for infliction of emotional distress against the Sacramento Police Department, unknown "Doe" defendants, and Angelina Ray and Farhad Khojasteh, who were plaintiff's former attorneys in this action. (Id. at p. 46-55.)

Plaintiff argues defendant and the proposed new defendants concealed documents and evidence, and thus that the amendment is necessary to allow the redress she would have had if not for the concealment. (ECF No. 66 at 10.) Plaintiff states the necessary information was not available until November 23, 2023, when she received the documentation listed as Set One from defendant's counsel. (Id. at 13; see also id. at 84-90 ("Defendant's Response to Plaintiff's Request for Production of Documents, Set One.") Plaintiff argues she has been diligent but did not know the relevant information given the concealment. (Id. at 11.) Plaintiff argues the court was "incorrect to remove [some] defendants" from the case previously without plaintiff's permission.[3] (Id. at 13.)

Defendant opposes amendment. (ECF No. 70.) Defendant argues plaintiff already brought the same motion on July 26, 2023 (ECF No. 55), which was denied on October 10, 2023 (ECF No. 65). Defendant also argues (1) the proposed amendment would prejudice defendant; (2) amendment is sought in bad faith; (3) amendment would cause undue delay; and (4) amendment is futile. (ECF No. 70 at 5-10.)[4]

In reply, plaintiff argues it was defendant who failed to produce the documents that support the proposed amendments. (ECF No. 71 at 3.) Plaintiff argues the defendant, their legal representatives, and the Department of Justice "hid crimes against a known disabled woman who went back to work [and] was harassed, assaulted and retaliated against for reporting wrongdoing

---

[3] The defendants were apparently dropped by plaintiff's former counsel for this case, allegedly without plaintiff's permission or knowledge. (See ECF No. 55 at 14.)

[4] Defendant's opposition to the motion to amend was untimely filed. Defendant is cautioned that failure of counsel or of a party to comply with the court's Local Rules may be grounds for imposition of sanctions.

3

at a state agency, engaged in computer tampering to falsely assert inability or wrong-doing when it was [plaintiff] who reported the computer tampering and hacking to the OIG before it was ever acknowledged by the DOJ who later when it became publicly known lied [and] hid it in an attempt to misuse Plaintiff's disability as some kind of possible cause." (Id. at 5.) Plaintiff argues defendant's concealment of evidence was intentional. (Id.)

## II.     Legal Standard

When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Courts in the Ninth Circuit consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended its complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing Leighton, 833 F.2d at 186-87 & n. 3). Absent prejudice or another strong showing against allowing amendment, a presumption in favor of granting leave to amend exists under Rule 15(a). See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). However, "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [the] complaint." Leighton, 833 F.2d at 186 (internal quotation marks omitted); Ascon Props., Inc., 866 F.2d at 1160.

Separately, under Rule 16(b), "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at, 609).

### III. Discussion

#### A. No Good Cause to Modify the Scheduling Order

Plaintiff argues she has been diligent in seeking to add the proposed additional claims. Plaintiff does not, however, set forth facts establishing her diligence. On October 25, 2022, the court issued a scheduling order which ordered "[n]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (ECF No. 45 at 1.) Under that scheduling order, as modified, fact discovery closed on November 6, 2023. (See ECF No. 51.)

Plaintiff's former counsel filed their motion to withdraw as counsel and served a copy on plaintiff by United States mail on December 5, 2022. (See ECF No. 47-2 at 1.) On March 24, 2023, the court granted the motion to withdraw as counsel, leaving plaintiff pro se. (ECF No. 53.) On March 27, 2023, the court issued a minute order, a copy of which was served to plaintiff by mail, informing the parties on notice that "[t]he deadlines and other terms of the 10/25/2022 Pretrial Scheduling Order (ECF No. 45), as modified by the Stipulation and Order filed 1/13/2023 (ECF No. 51), remain in effect." (ECF No. 54.)

Plaintiff initially sought to file the third amended complaint approximately four months later, on July 26, 2023. (See ECF No. 55.) This was eight months after the court ordered that good cause would be required for further amendments to pleadings. On October 10, 2023, the presiding district judge adopted in full the findings and recommendations issued on September 8, 2023 (ECF No. 60) and determined that plaintiff had not shown good cause for that previous motion to amend. (ECF No. 65.)

As set forth above, Rule 16(b)'s "good cause" standard "focuses on the reasonable diligence of the moving party." Noyes v. Kelly Svs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

In the prior motion, plaintiff alleged in a conclusory manner that "newly discovered information warrant[ed] an amended pleading." (ECF No. 55 at 3.) Plaintiff blamed former

counsel because plaintiff "was not made aware of the events that were occurring with the lawsuit" (Id. at 16), but this court found the allegations directed toward plaintiff's former attorneys did not demonstrate diligence, and that plaintiff was or should have been aware of the facts supporting the proposed new claims against defendant since the inception of the action. (See ECF No. 60 at 5; ECF No. 65.) See Cano v. Schriro, 236 F.R.D. 437, 439 (D. Ariz. 2006) ("Vague 'events and violations' are not enough to show diligence, or establish good cause."), aff'd, 269 F. App'x 755 (9th Cir. 2008); see also Ogier v. KC Care, LLC, No. 3:18-CV-00361-YY, 2019 WL 3210089, at *3 (D. Or. June 17, 2019) ("Courts have held that waiting… two months after discovery of new facts to file a motion for leave to amend does not constitute diligence under Rule 16."), report and recommendation adopted, No. 3:18-CV-0361-YY, 2019 WL 3206839 (D. Or. July 15, 2019).

In the present motion, plaintiff argues newly received discovery documents show false statements by the proposed new defendants in the investigation of her EEO complaint and that evidence was hidden and not turned in for the investigation. (ECF No. 66 at 2-6.) To the extent former counsel did not request these documents, plaintiff's disagreement with that omission provides no basis for amendment at the present time. Moreover, the receipt of further evidence[5] that plaintiff alleges would substantiate the proposed claims fails to demonstrate diligence, particularly where the court already found plaintiff failed to act diligently in seeking to amend to add those claims. While the court will liberally construe pro se pleadings, plaintiff must still comply with Rule 16(b)'s diligence requirement. See, e.g., Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (pro se litigants are obligated to "follow the same rules of procedure that govern other litigants."). Plaintiff's failure to show diligence is again fatal to the motion to amend. The motion for leave to file a third amended complaint should be denied on this basis. See Johnson, 975 F.2d at 610 ("The district court did not abuse its discretion when it denied his motion to amend… made four months after the cut-off date for amendment had expired.").

---

[5] Plaintiff did not timely serve the discovery requests that resulted in production of the referenced new evidence, because the requests were served without time for defendant to respond within the discovery period. (See ECF No. 45 at 2-3 ("In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary[.]").)

**B.      Rule 15 Factors Also Weigh Against Granting Leave to Amend**

Factors relevant under Rule 15 of the Federal Rules of Civil Procedure also weigh against allowing leave to amend. Fact discovery is closed. (See ECF No. 51.) If the motion for leave to file a third amended complaint were granted, this case would be substantially delayed. Plaintiff's allegations underlying her proposed hostile work environment and whistleblower claims go back several years. (See, e.g., ECF No. 66 at ¶¶ 182-85 (alleging plaintiff reported the assault and a hostile work environment in 2016 and 2017.) As the court determined previously in denying plaintiff's motion to amend, defendant would face prejudice in the form of an increased risk of witnesses' memories fading, at a minimum, and the time and expense of continued litigation on a new theory. Where plaintiff has not been diligent, to put defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery," would cause undue prejudice. Troxel Manufacturing Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir.1973), cert. denied, 416 U.S. 939 290 (1974); see also MV American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir. 1983) (upholding denial of motion to amend where "new allegations would totally alter the basis of the action, in that they covered different acts, employees and time periods necessitating additional discovery").

Moreover, plaintiff's causes of action for intentional and negligent infliction of emotional distress were pleaded in the original complaint as the fifth claim for damages (ECF No. 1 at ¶¶ 65-71) and dismissed without leave to amend. (ECF No. 22.) Amendment to add these proposed claims would be futile.

The court also previously determined plaintiff failed to exhaust administrative remedies for a FEHA claim to the extent it is based on sexual harassment. (See ECF No. 60 at 7; ECF No. 65.) Plaintiff's complaint to the DFEH stated its basis was "disability discrimination and/or retaliation, Other" during January 2016 to June 2016, and did not reference sexual harassment. (See ECF No. 1-1 at 5; ECF No. 56 at ¶ 66.). Plaintiff now argues "defendants hid the evidence and interfered in the investigative process" and [a]s such, the exhaustion of administrative remedies is met as this would relate back to the original claims and causes of action." (ECF No. 71 at 8.) Contrary to plaintiff's argument, amendment to add an unexhausted hostile work

environment claim based on sexual harassment would be futile. See Frederickson v. United Parcel Serv., No. C-97-3644 VRW, 1999 WL 129534, at *2 (N.D. Cal. Mar. 8, 1999) ("A disability discrimination claim… is not like or reasonably related to a claim of sex discrimination or sexual harassment."); Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985) (dismissing FEHA claim on the basis that the plaintiff failed to exhaust administrative remedies).

The court also previously found (see ECF No. 60 at 9; ECF No. 65) that the sections of the Government Code cited in support of plaintiff's proposed whistleblower retaliation claim require exhaustion, which is not satisfied. See Cal. Gov. Code, § 8547.8(c) (requiring exhaustion with the State Personnel Board); State Bd. of Chiropractic Exam'rs v. Superior Court of Sacramento Cnty., 45 Cal.4th 963, 972 (Cal. 2009) (describing exhaustion requirement of Cal. Gov't Code § 8547.8); Bjorndal v. Superior Ct., 211 Cal. App. 4th 1100, 1108 (2012) ("a cause of action pleaded under section 8547.3 is subject to dismissal… for failure to exhaust administrative remedies if it fails to allege compliance with… section 8547.8").

Amendment to add plaintiff's proposed FEHA claims against individual defendants who have not been served would also be futile. The proposed third amended complaint fails to allege exhaustion of administrative remedies for claims against individual defendants. See Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1248 (N.D. Cal. 2014) (dismissing FEHA harassment claims against individual defendants "because Plaintiff failed to exhaust administrative remedies as to those defendants"). Finally, to any extent plaintiff proposes to bring FEHA discrimination and/or retaliation claims against individual defendants, those claims are not cognizable. See id. at 1248 (noting that under California law, discrimination and retaliation FEHA claims can only be brought against the employer).

### IV.    Conclusion and Recommendation

As the court previously determined, plaintiff has not shown diligence in seeking leave to file the third amended complaint and has not shown good cause for a modification of the scheduling order under Rule 16 of the Federal Rules of Civil Procedure. Plaintiff's receipt of additional evidence that allegedly supports the claims plaintiff seeks to add does not establish diligence. Moreover, factors relevant under Rule 15 of the Federal Rules of Civil Procedure

weigh against allowing amendment.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to file a third amended complaint (ECF Nos. 66, 68) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 12, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Barnett17cv1517.r15.fr.2