ROB BONTA, State Bar No. 202668
Attorney General of California
KRISTIN M. DAILY, State Bar No. 186103
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7903
 Fax: (916) 324-5567
 E-mail: Kristin.Daily@doj.ca.gov
*Attorneys for Defendant*
*Department of Motor Vehicles*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTA BARNETT,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; SHEILA EVANS,**<br><br>Defendants. | 2:17-cv-01517-TLN-CKD<br><br>**DEFENDANT DEPARTMENT OF MOTOR VEHICLES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        Wednesday, May 29, 2024<br>Time:        10:00 a.m.<br>Dept:        24, 8th Fl<br>Judge:       United States Magistrate Judge<br>             Carolyn K. Delaney<br>Trial Date:<br>Action Filed:  January 9, 2018 |

Defendant California Department of Motor Vehicles ("DMV") hereby replies to Plaintiff's opposition to Defendant's motion for summary judgment and/or summary adjudication.

## INTRODUCTION

Plaintiff's opposition to Defendant's motion for summary judgment and/or adjudication cites to inapplicable law and lacks citation to admissible evidence to support Plaintiff's arguments. As set forth in Defendant's opening papers and reiterated below, and in Defendant's Objections to Evidence and Response to Plaintiff's Undisputed Material Facts, Plaintiff cannot

1

raise a triable issue of material fact to support any cause of action, and Defendant's motion should be granted.

## ARGUMENT

**I. SUMMARY ADJUDICATION OF PLAINTIFF'S SECOND CAUSE OF ACTION FOR DISABILITY DISCRIMINATION SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO ESTABLISH THAT SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION UNDER THE FEHA BECAUSE OF HER DISABILITY.**

Plaintiff claims that the "adverse actions" she suffered because of her disability were that she had to change units, she was denied training, denied FMLA, received "MOU's and Record of Discussions." (Plaintiff's Opposition ["Pltf's Opp."], 7:26, et seq.)  But Plaintiff fails to cite to admissible evidence to support her claims.  She cites to her complaint (Pltf's Opp., 11:11), but those are merely unverified allegations.

Furthermore, these are not "adverse employment actions" under the law as they did not materially impact the terms and conditions of her employment.  *Yanowitz v. L'Oreal USA, Inc*., 36 Cal. 4th 1028, 1052 (2005).  As set forth in Defendant's opening papers, Plaintiff herself requested the transfer to another unit before the alleged assault, and Plaintiff fails to dispute this in her opposition.  *See* Declaration of Glenda Lopez, on file herein.  Plaintiff's pay did not change.  *See* Declaration of Angelica Guzman, on file herein.  She has also admitted that she did receive all her training.  UMF # 3.  Plaintiff also lacks evidence that any action was taken *because of* her disability.

For the above stated reasons, and those in Defendant's moving papers, summary adjudication of Plaintiff's discrimination cause of action should be granted.

**II. SUMMARY ADJUDICATION OF PLAINTIFF'S THIRD CAUSE OF ACTION FOR FAILURE TO REASONABLY ACCOMMODATE A DISABILITY SHOULD BE GRANTED BECAUSE PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDY AND WAS NOT DENIED REASONABLE ACCOMMODATION TO PERFORM AN ESSENTIAL FUNCTION OF HER JOB.**

Plaintiff argues that because reasonable accommodation was referenced in a "Pre-Employment inquiry Form," she exhausted her administrative remedy.  Pltf's Opp., 13:28.  But the case Plaintiff cites to, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001), is

2

distinguishable.  In that case, the plaintiff's intake questionnaire was signed under penalty of perjury, and because of this, was considered for exhaustion.  *Id.* at 1317.

Here, not only is the alleged inquiry not signed under penalty of perjury, it is not even a complete, legible document.  See Objections to Evidence.  Furthermore, there is no indication that the DMV ever received anything other than the Department of Fair Employment and Housing complaint, which only referenced discrimination and harassment.  Therefore, Plaintiff cannot raise a triable issue of fact that she exhausted her administrative remedy with regard to any reasonable accommodation cause of action, and Defendant's motion for summary adjudication of the cause of action should be granted.

Furthermore, as shown in Defendant's moving papers, Plaintiff was not denied any reasonable accommodation so that she could perform the essential functions of her job.  She was given the opportunity to fill out a parking permit application that indicated she needed disabled parking.  But she refused to authorize the $20 monthly fee deduction, and so was not provided a parking space.  UMF #s 8, 9, 15, 16, 18, 19, 21, 22, 23, 25, 26, 27; Pltf's Item 1.

Plaintiff argues that the DMV only provided disabled parking after she filed her lawsuit. Pltf's Opp., 16:13.  But she provides no admissible evidence to support this, nor to rebut the Declaration of Jennifer Garces.  As that Declaration establishes, in 2014-2015, Plaintiff would have been provided a disabled parking space had she completed the parking permit, ADM 2178, and authorized the $20 monthly deduction from her paycheck, but she never did.  Declaration of Jennifer Garces ("Garces Decl."), on file herein; UMF #s 8-27.

Plaintiff also fails to address that even her Second Amended complaint admits that "she could use a handicap parking spot, however, she needed to be placed on the parking list to have permission to use the designated space.  In addition, the space would cost $20.00 per month for its use." SAC, ¶ 19.  Plaintiff argues that she continued to seek a reasonable accommodation of a disabled parking space, but fails to address Defendant's evidence that the DMV did not require employees who needed a disabled parking space to go through the regular reasonable accommodation process.  Garces Decl., on file herein.  All Plaintiff needed to do was fill out the parking permit form completely and authorize the $20 monthly deduction paid by all employees

3

who parked in a DMV parking lot.  She refused to do so.  Even the second page of Plaintiff's Item 7, purportedly an email to Mrs. Musquez admits that "[m]y manager initially said they wouldn't cover for reasonable accommodations around this time *and I would have to buy the pass* (emphasis added)."  Plaintiff has failed to establish that she was denied reasonable accommodation, and summary adjudication of the cause of action should be entered on behalf of Defendant.

### III.   SUMMARY ADJUDICATION OF PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDY AND WAS RESPONSIBLE FOR THE BREAKDOWN OF THE INTERACTIVE PROCESS.

As addressed above, Plaintiff failed to exhaust her administrative remedy with regard to this cause of action.  Even if her unauthenticated "Pre-Employment Inquiry" is considered, it was not signed under oath, and does not constitute exhaustion.

Moreover, Plaintiff fails to submit admissible evidence that the DMV failed to engage in the interactive process regarding Plaintiff's requested accommodation – a free disabled parking space.  Plaintiff admits that she was given the parking permit form, which has a place to indicate that disabled parking is necessary.  Pltf's Item 1.  She has no evidence that she turned in a completed form, and Defendant's evidence shows that she did not.  Garces Decl., on file herein.  Additionally, Defendant's exhibit 5, the voicemail from Maria Cato, shows that the DMV did engage in the interactive process by reaching out to Plaintiff regarding her request.  But Plaintiff never authorized the monthly $20 deduction paid by all DMV employees for parking, and is therefore responsible for the breakdown of the interactive process.  CACI 2546; *Doe v. Dept. of Corrections and Rehabilitation*, 43 Cal.App.5th 721, 738-740 (2019).  Therefore, summary adjudication should be granted on behalf of Defendant.

///

4

**IV.   SUMMARY JUDGMENT OF PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION UNDER THE REHABILITATION ACT SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDY, FAILED TO ESTABLISH SHE WAS DENIED ANY BENEFIT, DISCRIMINATED AGAINST OR RETALIATED AGAINST BECAUSE OF HER DISABILITY.**

As set forth in Defendant's moving papers, Plaintiff failed to exhaust her administrative remedy for any claim of failure to reasonably accommodate under the Rehabilitation Act.  And as set forth above, her unauthenticated "Pre-Employment Inquiry" was not signed under oath, and therefore cannot be a substitute for exhaustion of administrative remedies.  Furthermore, Plaintiff has failed to raise a triable issue of material fact that she was denied any benefit under the Rehabilitation Act, or discriminated or retaliated against because of her disability under the Act.

Plaintiff claims that she was denied training in violation of the Rehabilitation Act.  Pltf's Opp., 24:3.  But she fails to provide admissible evidence to prove any denial of training.  She submits unauthenticated documents that she claims show that she was denied training.  Pltf's Item 4.  But even if the Monthly Discussion Documentation is considered, it notes only that Plaintiff's training was "stalled" for a single month.  The next month indicates training will be slowing, and gives guidance for successful training.  The Monthly Discussion for May, 2015, indicates further training.  Nothing in Plaintiff's evidence indicates that Plaintiff is being denied training because of her disability, or for retaliatory purposes.  In fact, her purported 2nd Probationary Report (Item 4, pg 92 of 378) indicates the need for Plaintiff to focus on accuracy over speed:

> When you sit with a trainer, I have observed you taking notes and referring to them during the training and while working independently.  As we discussed, adding your notes to the corresponding pages in the manuals is important as you continue to learn the unit workloads.  During our One on One meeting on April 30, 2015, we also discussed the importance of accuracy over speed.  VRDC training will become increasingly detailed.  In order to prevent errors, it is vital that you take the time needed to review all information sources prior to keying the DC.  I admire your desire to complete more work.

And Plaintiff has admitted that she did receive all of her training.  UMF # 3.  Plaintiff cannot raise a triable issue of fact that she was denied any benefit because of her disability under the Rehabilitation Act.

Plaintiff also claims denial of reasonable accommodation in violation of the Rehabilitation Act, but as set forth in Defendant's moving papers and above regarding her FEHA claim, Plaintiff

5

was not denied any reasonable accommodation.  She would have been provided a disabled parking space had she submitted the parking permit application authorizing deduction of the $20 monthly fee from her paycheck.  UMF #s 8-27.  As set forth in Defendant's moving papers, an employer is required to provide reasonable accommodation to assist an employee in performing the essential functions of the job, not pay a parking fee paid by every employee who parks in a DMV lot, regardless of whether they are assigned a disabled parking space close to the building.

Plaintiff also cites to allegations made in her complaint to support her argument that she was discriminated against in violation of the Rehabilitation Act.  Pltf's Opp., 26:9.  But as stated above, allegations are not evidence.

Plaintiff also claims that she was retaliated against in violation of the Rehabilitation Act, but has failed to cite to any admissible evidence to support her claim.  As stated in Defendant's moving papers and above, Plaintiff cannot raise a triable issue of fact that she suffered any adverse employment action because she requested reasonable accommodation and Defendant's motion for summary adjudication of this issue should be granted.

Finally, Plaintiff has failed to provide any admissible evidence to support her argument that she can establish deliberate indifference.  As set forth in Defendant's moving papers, Plaintiff must establish deliberate indifference for money damages under the Rehabilitation Act, and cannot recover for emotional distress under the Act.  _Duvall v. Cnty. of Kitsap_, 260 F.3d 1124, 1138 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001); _Cummings v. Premier Rehab Keller, P.L.L.C._, 142 S. Ct. 1562, 1576, reh'g denied, 142 S. Ct. 2853 (2022). Therefore, Plaintiff cannot claim any monetary damages against Defendant.

///

Defendant's Reply to Plaintiff's Opposition to MSJ  (2:17-cv-01517-TLN-CKD)

**CONCLUSION**

For the above stated reasons, Defendant DMV respectfully requests that the motion for summary judgment, or in the alternative, summary adjudication, be granted.

Dated:  May 21, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

*[signature]*

KRISTIN M. DAILY
Supervising Deputy Attorney General
*Attorneys for Defendant*
*Department of Motor Vehicles*

SA2018100444
38087636.docx

7

# CERTIFICATE OF SERVICE

Case Name:   **Roberta Barnett v. DMV, et al.**        No.   **2:17-cv-01517-TLN-CKD**

I hereby certify that on <u>May 22, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT DEPARTMENT OF MOTOR VEHICLES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>May 22, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Roberta Barnett
3988 12th Ave
Sacramento, CA 95817
**E-mail Address:**
Robarnett77@gmail.com
*Plaintiff*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 22, 2024</u>, at Sacramento, California.

| | |
|---|---|
| S. Posh | *SP* |
| Declarant | Signature |

SA2018100444
38107056.docx