UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>Defendant. | No.  2:17-cv-1517-TLN-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Roberta Barnett proceeds pro se with claims under the Rehabilitation Act and California's Fair Housing and Employment Act ("FEHA"). A motion for summary judgment filed by defendant, California Department of Motor Vehicles ("DMV"), is before the court. (ECF No. 76.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). The court previously found this matter suitable for decision without oral argument under Local Rule 230(g). (ECF No. 77.) For the reasons set forth below, the court should grant the motion and enter summary judgment in defendant's favor on plaintiff's remaining claims.

## BACKGROUND

Proceeding through counsel at the time, plaintiff filed the operative second amended complaint ("SAC") on October 6, 2021. (ECF No. 32.) Therein, plaintiff alleges defendant, her employer, refused to provide her with a reasonable accommodation for parking despite knowing

1

she had difficulty walking due to chronic asthma. (Id. at ¶¶ 15-26.) Plaintiff further alleges defendant harassed and retaliated against her because of her request for accommodation. (Id. at ¶¶ 32-52.) Specifically, defendant put up "roadblocks" to plaintiff's advancement and denied plaintiff training which hindered her access to be promoted or transferred. (Id. at ¶ 42.) Under the complaint's allegations, plaintiff eventually had to take a leave on a request for workers compensation due to the stress from the retaliation and harassment. (Id. at ¶ 47.)

The SAC brought claims against defendant as follows: (1) violation of Title I of the Americans with Disabilities Act ("ADA"); (2) disability discrimination under the FEHA; (3) failure to reasonably accommodate under the FEHA; (4) failure to engage in the interactive process under the FEHA, (5) disability discrimination under the Rehabilitation Act ("RA"); and (6) retaliation under the ADA\RA. (ECF No. 32 at ¶¶ 58-106.) The court dismissed the disability discrimination claim for damages under the ADA on July 19, 2022, leaving claims two through six of the operative SAC. (ECF No. 41 at 6.)

On March 24, 2023, the court granted plaintiff's counsel's motion to withdraw as attorney, leaving plaintiff pro se. (ECF No. 53.) Proceeding pro se, plaintiff twice sought leave to file a further amended complaint. (ECF Nos. 55, 66.) The court denied both motions. (ECF No. 65, 75.)

On April 19, 2024, defendant filed the motion for summary judgment presently before the court. (ECF No. 76.) Plaintiff opposed the motion. (ECF No. 78.) Defendant filed a reply. (ECF Nos. 78, 80.)

**LEGAL STANDARDS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

2

stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S.

3

253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

## UNDISPUTED FACTS[1]

Plaintiff was hired by the DMV and began work on September 15, 2014. On that date, defendants were put on notice that plaintiff had a disability, specifically asthma, and needed a reasonable accommodation for parking. (ECF No. 80-1 at 2.)

DMV headquarters is surrounded by multiple parking lots exclusively for DMV employee use. (ECF No. 76-3 at 60, ¶ 2.) Parking is assigned by lot and costs $20 per month paid by deduction from the employee's monthly salary. (Id. at 61, ¶ 3.) To park in a DMV parking lot, an

---

[1] Plaintiff's opposition to defendant's motion for summary judgment indicates she disputes most of defendant's facts. In finding some of those facts or portions of those facts to be undisputed, the court has reviewed and considered plaintiff's evidence to the extent it is relevant and appears to be competent. This includes plaintiff's sworn statements set forth under penalty of perjury and based on her personal knowledge. However, neither a mere claim that a matter is "disputed" nor citation to factual allegations in the complaint will suffice to dispute a proposed undisputed fact that is supported by competent evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitations of unsworn factual allegations do not adequately oppose competent evidence presented in a motion for summary judgment); Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("statements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not facts and likewise will not be cidered on a motion for summary judgment").

4

1    employee must complete, sign, and turn in form ADM 2178. (Id.) The employee must also
2    authorize the State Controller's Office to deduct the $20 parking fee from their monthly salary.
3    (Id.)
4        An employee granted a parking permit is assigned a lot and can park in any open space in
5    the assigned lot but cannot park in other lots. (ECF No. 76-3 at 60-61, ¶ 2.) Several lots have
6    spaces marked reserved for disabled, executive, or state vehicles. (Id. at 61, ¶ 2.) Reserved spaces
7    are not available for open parking. (Id.)
8        Form ADM 2178 contains an area for a DMV employee to indicate that they require
9    disabled parking accommodations. (ECF No. 76-3 at 61, ¶ 3.) DMV employees may obtain
10   disabled parking by providing a copy of their Disabled Placard and submitting a completed ADM
11   2178. (Id. at 61, ¶ 5.) If an employee submits a completed form ADM 2178 indicating they
12   require disabled parking accommodations, provides a copy of their Disabled Placard ID, and
13   completes the form authorizing a parking fee deduction from their salary by the State Controller's
14   Office, that employee will be issued a disabled parking permit and authorized to park in a
15   reserved disabled space. (Id.) In 2014-2015, there was a wait list for DMV parking spaces at
16   Headquarters, but disabled employees were able to bypass the wait list if they had a disabled
17   parking placard. (Id., ¶ 3.)
18       An employee can, alternately, request a reasonable accommodation for parking by
19   completing form Exec 96 and giving it to the DMV Headquarters office. (ECF No. 76-3 at 67, ¶
20   4.) Employees requesting disabled parking who provide a copy of their Disabled Placard and
21   submit a completed ADM 2178 are not required to request reasonable accommodation by
22   submitting a form Exec 96. (Id. at 67, ¶ 5.)
23       On her first day of work, plaintiff was given a form ADM 2178 parking permit application
24   which contained a section for plaintiff to indicate "I require disabled parking accommodations."
25   (ECF No. 76-3 at 32-33, 49.) Plaintiff checked the box on the form, indicating "I require disabled
26   parking accommodations." (Id.) Plaintiff signed and dated the form September 15, 2014. (Id. at
27   49.) Plaintiff did not, however, authorize the DMV to deduct the $20 monthly parking fee. (Id. at
28   32-33, 49.) On the form she filled out, plaintiff left blank the closing certifications allowing for

5

1  processing of a payroll deduction. (Id.) Plaintiff asked if the fee could be waived but was not able
2  to obtain approval for waiver of the fee and was not able to obtain disabled parking without
3  authorizing deduction of the monthly fee. (Id. at 32-33, 49, 61.)

4      Defendant's databases do not contain a completed form ADM 2178 for plaintiff. (ECF
5  No. 76-3 at 61-62, ¶ 6.) The DMV also does not have any record of plaintiff completing and
6  submitting paperwork for a reasonable accommodation. (ECF No. 76-3 at 67, ¶ 5.)

7      Plaintiff has never received a "Notice of Adverse Action" while employed at the DMV.
8  (ECF No. 76-3 at 67, ¶ 3.)

9      Defendant provided plaintiff with leaves of absence for the following time periods: March
10  2, 2017, through April 1, 2017, and May 2, 2017, through May 15, 2017. (ECF No. 76-3 at 67.)
11  Plaintiff's last leave of absence began on June 2, 2017, and was ongoing during briefing of this
12  motion in 2024. (Id.)

**DISCUSSION**

**A.  Objections to Evidence**

15  The parties lodge several objections to evidence, with defendants objecting to lack of
16  foundation, authentication, and hearsay for most of the plaintiff's evidence. (ECF No. 80-2.) In
17  one line of authority, the Ninth Circuit has held that a court on summary judgment need not focus
18  on the admissibility of the evidence's form, and instead may focus on the admissibility of its
19  contents. Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003); see also Portnoy v. City of
20  Davis, 663 F. Supp. 2d 949, 953 (E.D. Cal. 2009) (noting "the Ninth Circuit's conflicting rulings
21  on analysis of pro se oppositions to summary judgment motions" and reviewing a pro se
22  plaintiff's evidence "without regard to the present admissibility of those facts"). Here, accepting
23  all of plaintiff's evidence over defendant's objections, the evidence and plaintiff's theories are not
24  sufficient to defeat summary judgment in favor of defendant. Accordingly, the court need not rule
25  on defendant's objections to evidence and will focus on the contents of plaintiff's evidence rather
26  than the form.

27  Plaintiff also lodges objections to defendant's evidence. She objects generally to most of
28  defendant's evidence as "not based on fact," out of context, "in contradiction to the evidence,"

6

and "not admissible evidence of fact they are contemporaneous and were not the procedures at the time of events." (ECF No. 78 at 4.) In particular, plaintiff objects to the declarations of Jennifer Garces and Angelica Guzman as "contemporary" and not "relate[d] to the facts of the time…." (E.g., id. at 11, 35, and throughout.) Plaintiff's objections are overruled.

As to the declaration of Jennifer Garces, the court understands plaintiff to be objecting, in part, because paragraph five of the declaration uses the present tense to discuss DMV's procedures for employees to request disabled parking. (See ECF No. 76-3 at 61, ¶ 5.) However, paragraph three also states "[a] DMV parking permit has always been required for a DMV employee to park in a DMV lot, and for a disabled employee to park in a disabled parking space in DMV lots." (Id., ¶ 3.) Thus, the matters stated are based on Garces' personal knowledge as a Staff Services Manager 1 over Employee Services with DMV and are relevant to the time-period at issue.

As to the declaration of Angelica Guzman, the matters stated are based on Guzman's personal knowledge as a Staff Services Analyst in the Medical Management Unit with the DMV who has reviewed plaintiff's official personnel file. (ECF No. 76-3 at 66-68.) Although Guzman was not personally involved in the events at issue, the declaration is properly based on Guzman's review of official DMV records. Guzman need not have been involved in the events underlying plaintiff's case in order to have personal knowledge of relevant facts for this motion.

Plaintiff's other general objections for "not based on fact," out of context, and "in contradiction to the evidence" are overruled. Argumentative statements unsupported by plaintiff's own competent evidence do not suffice to dispute defendant's competent evidence. See Burch, 433 F. Supp. 2d at 1119.

**B.   Exhaustion of Administrative Remedy**

Defendant argues plaintiff failed to exhaust her administrative remedy for her FEHA claim for failure to accommodate a disability, Cal. Gov't Code § 12940(m)(1), for her FEHA claim for failure to engage in the interactive process, Cal. Gov't Code § 12940(n), and for any reasonable accommodation and retaliation claims under the RA. (ECF No. 76 at 11-12, 18, 20.)

////

The timely filing of an administrative complaint and exhaustion of that remedy with DFEH is a prerequisite to maintenance of a civil action for damages under FEHA. See Cal Govt. Code § 12965(b). Similarly, plaintiffs alleging employment discrimination claims under the RA must exhaust their administrative remedies before filing suit. 42 U.S.C. § 2000e-5(a), (e); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Accordingly, this action is limited to matters "like or reasonably related to" those raised in the DFEH complaint. Okoli v. Lockheed Technical Operations Co., 36 Cal.App.4th 1607, 1616 (1995); Green v. Los Angeles Cnty. Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir. 1989). Courts liberally construe administrative charges. Green, 883 F.2d at 1476. In determining whether an additional allegation is like or reasonably related to another allegation in this context, the court inquires whether the original investigation would have encompassed the additional charges. Id.

Plaintiff's administrative complaint dated July 10, 2016, alleges she was harassed on account of her disability and denied a work environment free of discrimination and/or retaliation. (ECF No. 32-1 at 5.) And further: "On a weekly basis, co-workers make comments such as "She is just cray cray or Shes crazy." (Id.) Plaintiff's administrative complaint does not complain of any failure to accommodate or any failure to engage in the interactive process. (See id. at 5-6).

Defendant argues plaintiff's RA claims and FEHA claims for failure to accommodate and failure to engage in the interactive process are unexhausted because administrative complaint specifies only her allegations of harassment. (ECF No. 76 at 11-12, 18, 20.) However, the exhaustion requirement can be met outside the administrative complaint itself through facts provided in other submissions or facts that "might [have been] uncovered by a reasonable… investigation." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002) ("Subject matter jurisdiction extends over all allegations of discrimination that either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."), abrogated in part on other grounds by Fort Bend County, Texas v. Davis, 587 U.S. 541 (2019); Nazir v. United Airlines, Inc., 178 Cal.App.4th 243, 268 (2009) (the administrative exhaustion requirement is satisfied if the allegations of the civil action are within the scope of the DFEH charge, any DFEH investigation actually

completed, or any investigation that might reasonably have been expected to grow out of the charge).

Plaintiff argues she exhausted her administrative remedy when she reported her complaints to the DFEH before and during the investigation, and particularly when she completed the "Pre-Employment inquiry Form" (Item 2), a submission DFEH acknowledged as received in a letter dated February 25, 2016. (See ECF No. 78 at 12-13, 82.) On this form, plaintiff stated she was denied the ability to park in front of the building and denied reasonable accommodations. (Id. at 82.) Plaintiff's Item 3 purports to be further communication between plaintiff and DFEH which is an email from plaintiff dated June 6, 2016. (Id. at 85.) In this communication, plaintiff indicated she "asked for the reasonable accommodation" when she was first hired in or around October of 2014. (Id.)

Defendant's argument for summary judgment focuses solely on the contents of plaintiff's administrative complaint. At a minimum, though, plaintiff's evidence raises the question whether DFEH might reasonably have been expected to investigate plaintiff's claims for failure to accommodate a disability, failure to engage in the interactive process, and retaliation. The court views plaintiff's administrative complaint alleging harassment on account of her disability and disability discrimination "with the utmost liberality." Yamaguchi v. U.S. Dep't. of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997). Viewing the evidence in the light most favorable to plaintiff, plaintiff's claims for failure to accommodate, failure to engage in the interactive process, and retaliation are within the scope of the investigation that might reasonably have been expected to grow out of the charge dated July 10, 2016, based on her other communications with DFEH. See B.K.B., 276 F.3d at 1100; Nazir, 178 Cal.App.4th at 266.

    **C.**     **Second Cause of Action: Disability Discrimination under FEHA**

Under FEHA, it is unlawful "[f]or an employer, because of ... physical disability ... of any person ... to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't. Code § 12940(a).

1    Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying state employment discrimination laws. Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 354 (2000). To establish a prima facie case of disability discrimination under FEHA, a plaintiff must show (1) she suffers from a disability; (2) she is otherwise qualified to do her job; and (3) she suffered an adverse employment action because of her disability. Faust v. Cal. Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007).

At issue in the present motion is whether plaintiff can establish she suffered an adverse employment action because of her disability. An adverse employment action in this context "must materially affect the terms, conditions, or privileges of employment to be actionable," taking into account "the unique circumstances of the affected employee as well as the workplace context of the claim." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1052 (2005).

Defendant argues the SAC failed to allege any facts that plaintiff suffered an adverse employment action because of her disability, and that she can produce no evidence of any adverse action suffered because of her disability. (ECF No. 76 at 10.) Defendant points out it is undisputed that plaintiff has never received a "Notice of Adverse Action" while employed at the DMV. (ECF No. 76-3 at 67, ¶ 3.)

Plaintiff responds that she suffered the following adverse actions:

> [D]enied reasonable accommodation due to discrimination, denied Good Faith Interaction, denied training, training with coworkers, denied promotional opportunities, denied ability to file receive FMLA, assaulted in response to reporting EEO complaint, forced to change units in response to assault, harassment and for filing EEO complaint, loss of alternate pay range, falsely written up 3X on Memorandums of Understandings (used as Negative Adverse Actions) in in retaliation for harassment, forced to leave work for asthma allergy attack caused by harassment) given plates after immediately informed "asthma allergies" to "test" plaintiff.

(ECF No. 78 at 32; see also id. at 7 & 11.)

Neither the alleged failure to accommodate nor the alleged failure to engage in the interactive process are adverse actions in this context because those are distinct FEHA causes of action. See Doe v. Dep't of Corr. & Rehab., 43 Cal. App. 5th 721, 735-36 (2019) ("No court has

10

ever held that a failure to reasonably accommodate an employee's disability—which is a separate cause of action under FEHA (§ 12940, subd. (m))—can qualify as the adverse action underlying a discrimination or retaliation claim."). In the case of an institutional employer such as here, DMV must have itself taken some official action with respect to plaintiff "such as hiring, firing, failing to promote, adverse job assignment, significant change in compensation or benefits, or official disciplinary action." Id. at 734.

Allegations of denial of training, denial of promotional opportunities, denial of FMLA, being forced to change units, loss of alternate pay range, and being falsely written up could potentially constitute adverse actions. However, plaintiff does not put forth competent evidence adequate to support these assertions. "To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1061 (9th Cir. 2011). Here, plaintiff's evidence lacks the specific factual details necessary to support her arguments. In other words, plaintiff has put forth only sweeping, conclusory allegations of the alleged adverse actions.

The court has considered plaintiff's declaration and statements made under penalty of perjury in opposition to the pending motion. (ECF No. 78 at 71-74.) Plaintiff's declaration either does not address -- or does not address with specific facts -- the alleged denial of promotional opportunities, denial of leave, being forced to change units, loss of alternate pay range, or being falsely written up. (See id.) Her statements regarding the alleged denial of training, which is the adverse action pleaded in the complaint, lack specific facts, instead alleging in conclusory fashion "training stopped, trained around and in proximity to timed need…." (Id. at 72.) At her deposition, plaintiff testified she eventually received the training at issue but "did not get some of it in time." (ECF No. 76-3 at 13.) Plaintiff now argues her deposition testimony referred to "the basic minimum training" and she was "denied more advanced training given her work kept stagnant to prevent promotional opportunities." (ECF No. 78 at 46.) Plaintiff argues Item 4 (see id. at 87-96) and Item 52 (see id. at 286-307) support her allegations that she was denied training. However, these and other items cited by plaintiff as establishing certain facts do not establish those facts. In this instance, Item 4 and Item 52 appear to be documents that may relate to

11

plaintiff's argument that she was denied training or subjected to delay. However, the documents do not establish any denial or delay of training, and plaintiff does not elsewhere provide the necessary factual details through competent evidence.

Conclusory allegations of adverse employment action made in opposition to the motion for summary judgment do not suffice. Viewing the evidence in the light most favorable to plaintiff, the court finds insufficient evidence of specific facts to raise a genuine dispute whether plaintiff suffered an adverse employment action because of her disability. Accordingly, defendant's motion for summary judgment should be granted as to the second cause of action for disability discrimination under FEHA.

### C.    Third Cause of Action: Denial of Reasonable Accommodation under FEHA

As relevant here, under FEHA, it is unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee…." Cal. Gov't Code § 12940(m)(1). To prevail on a FEHA failure to accommodate claim, plaintiff must show that she could perform the essential functions of her position with or without reasonable accommodation and that the DMV failed to reasonably accommodate her disability. See Green v. State of California, 42 Cal. 4th 254, 262 (2007); Cuiellette v. City of Los Angeles, 194 Cal. App. 4th 757, 766 (2011). At issue in the present motion is whether plaintiff raises a triable issue that the DMV failed to reasonably accommodate her disability.

"A reasonable accommodation is a modification or adjustment to the work environment that enables the employee to perform the essential functions of the job he or she holds or desires." Nealy v. City of Santa Monica, 234 Cal. App. 4th 359, 373 (2015). The reasonableness of an accommodation is generally a question of fact, Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 228 n.11 (1999), but "FEHA does not obligate an employer to choose the best accommodation or the specific accommodation a disabled employee or applicant seeks," Raine v. City of Burbank, 135 Cal. App. 4th 1215, 1222 (2006). Instead, it requires only that the accommodation chosen be "reasonable." Id.

////

       Defendant argues the only accommodation plaintiff sought was to be able to park close to the building due to her asthma without paying the $20 monthly parking fee paid by all employees who parked in DMV parking lots. (ECF No. 76 at 16.) Under plaintiff's deposition testimony and her other evidence and argument, similarly, defendant required her to authorize deduction of the $20 parking fee before defendant would accommodate her with disabled parking. (ECF No. 76-3 at 32-34 & 82; ECF No. 78 at 20, 106.)

       Defendant cites cases holding that an employer is under no obligation to remove non-workplace barriers unrelated to essential functions of the employee's job, such as those related to the employee's commute. (See ECF No. 76 at 14-15.) However, DMV's provision of parking in its own lots for employee use is much closer to a workplace barrier than, for example, factors related to an employee's commute on public transportation. In any event, this court need not decide whether plaintiff's request for parking related to workplace barrier in this case because there is a distinct basis for summary judgment on this claim.

       Defendant's databases do not contain a completed parking application for plaintiff. (ECF No. 76-3 at 61-62, ¶ 6.) The DMV also does not have any record of plaintiff requesting disabled parking by completing and submitting paperwork for a reasonable accommodation. (Id. at 67, ¶ 5.) Defendant therefore argues plaintiff "refused to complete the reasonable accommodation process and was not denied reasonable accommodation." (Id. at 18.) Defendant argues plaintiff's requested accommodation of not paying the $20 parking fee did not constitute a reasonable accommodation for a disability. (Id. at 16.)

       It is undisputed that plaintiff partially filled out the Form ADM 2178 parking application on her first day of work on September 15, 2014, with a request for disabled parking. According to plaintiff's deposition testimony, the DMV employee "didn't know how to process it" without either plaintiff authorizing the payroll deduction or plaintiff getting management approval. (ECF No. 76-3 at 32-34.) Plaintiff disputes that she refused to pay the $20 fee, arguing she "only asked about the fee" and "was fine with answer of fee must be paid…." (ECF No. 78 at 19; see also id. at 35, 44.) Plaintiff explains the reasonable accommodation she wanted was to not pay for parking without knowing where she would park and to not pay for parking unless she knew it would meet

13

her needs. (Id. at 40.) Plaintiff argues she "had no idea where she would be sent to park." (Id. at 20; see also id. at 36.) Plaintiff argues she "was ready to pay the fee" (ECF No. 78 at 44) but does not assert she ever did so or attempted to do so by returning the form with the parking fee authorization.

Plaintiff has explained why knowing exactly where she would be issued a permit to park before authorizing the deduction would have been a preferable accommodation to what she was offered. However, defendant was not obligated to choose the best accommodation or the specific accommodation plaintiff preferred. Raine, 135 Cal. App. 4th at 1222. The question is whether DMV offered plaintiff a reasonable accommodation through its standard practice for issuing disabled parking permits when it required her to submit a parking application and authorize a monthly deduction of $20 in order to be issued a disabled parking permit for a specific DMV lot. Under the circumstances, defendant offered a reasonable accommodation.[2] No trier of fact could reasonably find that requiring plaintiff to submit the application and pay the same fee paid by all employees parking in DMV lots constituted a failure to provide a reasonable accommodation.

**D.    Fourth Cause of Action: Interactive Process under the FEHA**

Under FEHA, it is unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee [ ] to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee [ ] with a known physical or mental disability or known medical condition." Cal. Gov't. Code § 12940(n). "Two principles underline a cause of action for failure to provide a reasonable accommodation. First, the employee must request an accommodation. [Citation.] Second, the parties must engage in an interactive process regarding the requested accommodation and, if the process fails, responsibility for the failure rests with the party who failed to participate in good faith." Doe, 43 Cal. App. 5th at 738 (quoting Avila v. Continental Airlines, Inc. 165 Cal.App.4th 1237, 1252 (2008)). To prevail on a claim for failure to engage in the interactive process under

---

[2] Because defendant offered a reasonable accommodation in the form of disabled parking upon submission of an application and authorization of the fee, the court need not address defendant's alternate argument that defendant provided plaintiff a reasonable accommodation in the form of leave.

14

the FEHA, "an employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred." Scotch v. Art Inst. of California, 173 Cal. App. 4th 986, 1018 (2009).

Here, although plaintiff did not submit a formal request for reasonable accommodation, it is nevertheless undisputed that she requested accommodation in the form of parking close to the building. Thus, the issue is whether there is a triable issue that responsibility for failure of the process rests with defendant.

As set forth, DMV offered plaintiff a reasonable accommodation through its standard practice for issuing disabled parking permits. Defendant also puts forth evidence that plaintiff was provided with multiple reasonable accommodation forms to fill out which she did not return (ECF No. 76-3 at 35-36, 40-41), but plaintiff demonstrates she was only provided these forms after she was already out on leave. (ECF No. 78 at 40.) Both parties put forth an automated transcript of a September 9, 2015, voicemail (nearly a year after plaintiff initially filled out the parking application form) left for plaintiff by "Maria" about reasonable accommodation, provision of parking, and $20 fee. (ECF No. 76-3 at 80; ECF No. 78 at 106.) In addition, a message from plaintiff to "Mrs. Musquez" indicates that around October of 2014, plaintiff's manager informed her "they wouldn't cover for reasonable accommodations… and I would have to buy the pass." (ECF No. 76-3 at 82.) Plaintiff also acknowledges in her argument she was informed "fee was required[.]" (ECF No. 7 at 20.)

Plaintiff does not identify a reasonable accommodation not offered which would have been available, and therefore does not have a viable FEHA claim for failure to engage in the interactive process. Scotch, 173 Cal. App. 4th at 1018; Nadaf-Rahrov v. Neiman Marcus Grp., Inc., 166 Cal. App. 4th 952, 984 (2008) ("the burden of proving the availability of a reasonable accommodation rests on the employee"). Moreover, plaintiff does not dispute that she could have submitted a fully completed parking application with an authorization for the monthly deduction, and thereby been issued a disabled parking permit. Her speculative argument that there is no way to be certain where she would have been authorized to park, and no way to be certain whether it would have met her needs, does not suffice to defeat summary judgment on the FEHA claim for

failure to engage in the interactive process, particularly in the absence of evidence that she explained to defendant that this was her reason for withholding authorization of the parking fee. There is no triable issue of fact on plaintiff's fourth cause of action alleging failure to engage in the interactive process.

### E. Fifth Cause of Action: Discrimination under the RA

The RA prohibits employers receiving federal financial assistance from discriminating against their employees based on disability. 29 U.S.C. § 794. In order to prove an RA violation, plaintiff must demonstrate she "(1) is a [disabled] person; (2) that [s]he is otherwise qualified; and that the [defendant's] actions either (3) excluded [her] participation in or denied [her] the benefits of a service, program, or activity; or (4) otherwise subjected [her] to discrimination on the basis of [her] disability]." Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996); see also Zukle v. Regents of Univ. of California, 166 F.3d 1041, 1045 (9th Cir. 1999) (noting "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the [RA]").

"[A] public entity can be liable for damages under § 504 of the RA if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008). Deliberate indifference requires: (1) "knowledge that a harm to a federally protected right is substantially likely, and" (2) "a failure to act upon that the likelihood." Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

The parties do not dispute for purposes of this motion that plaintiff was disabled and otherwise qualified for her position. Thus, at issue is whether plaintiff raises a triable issue that she was denied any benefits or otherwise discriminated against based on her disability.

Defendant argues the SAC does not allege what benefits plaintiff was denied, how she was discriminated against because of her disability, or any adverse action. (ECF No. 76 at 21-22.) Plaintiff argues she was denied equal access to training and promotion opportunities, denied parking accommodations necessary to access the workplace, and that her training was stopped, and she was "trained around" after requesting reasonable accommodation and after she became sick from Bronchitis. (ECF No. 78 at 24-27.)

16

Plaintiff's RA disability discrimination claim suffers from the same defects discussed above for her FEHA discrimination claim. Plaintiff's evidence of discrimination in the form of denial of training and promotion opportunities takes the form of sweeping, conclusory allegations which are not sufficient to survive summary judgment. See Cafasso, 637 F.3d at 1061 ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). Plaintiff's declaration and statements made under penalty of perjury in opposition to the pending motion do not contain factual details that raise a triable issue on the question whether she was discriminated against based on her disability. (See ECF No. 78 at 71-74.)

In addition, as set forth above, no trier of fact could reasonably find that defendant failed to provide a reasonable accommodation by requiring plaintiff to submit a fully completed parking application -- and pay the parking fee paid by all employees parking in DMV lots -- in order to obtain a reasonable accommodation of disabled parking. Plaintiff argues she "asked for a reasonable accommodation [for parking] regardless of the fee." (ECF No. 78 at 25.) However, "[r]easonable accommodation [under the RA] does not require an organization to make fundamental or substantial alterations to its programs." Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010). Reasonableness depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow the employee to enjoy meaningful access to the program. Id. An accommodation is reasonable if it is "reasonable on its face, i.e., ordinarily or in the run of cases." U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402 (2002).

Plaintiff was not denied meaningful access to DMV's provision of parking. Plaintiff's non-receipt of a disabled parking permit resulted directly from her decision not to submit the fully completed parking application with authorization for payment of the parking fee paid by all employees parking in DMV lots. Accordingly, there is no triable issue of fact on plaintiff's fifth cause of action under the RA.

////

////

**F.     Sixth Cause of Action: Retaliation**

A prima facie case of retaliation under the Rehabilitation Act "requires a plaintiff to show: '(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 887 (9th Cir. 2004) (quoting Brown v. City of Tucson, 336 F.3d 1181, 1187 (9th Cir. 2003). An adverse action is something "non-trivial" that would deter a reasonable person from engaging in a protected activity. See Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). As to the causal link, "[t]he plaintiff must present 'evidence adequate to create an inference that an employment decision was *based on* an illegal discriminatory criterion.'" Coons, 383 F.3d at 887 (quoting O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996).[3]

Plaintiff argues she requested a reasonable accommodation which was a protected activity and "[t]here was a causal link between the times Plaintiff asked for a reasonable accommodation and [her] training stopped and trained around. There was a causal link between time plaintiff became sick from Bronchitis and training denied." (ECF No. 78 at 28.) As set forth above, plaintiff's allegations about her training being stopped or delayed are insufficient to raise a triable issue of fact regarding an adverse action suffered because they are vague, conclusory, and lacking in explanatory detail. Similarly, plaintiff's bare assertion of a causal link does not suffice to create an inference that any denial or delay of training was discriminatory in nature. For example, plaintiff does not provide competent evidence of a coherent timeline of these alleged events. There is no triable issue of fact on plaintiff's sixth cause of action alleging retaliation.

**CONCLUSION AND RECOMMENDATION**

In accordance with the above, IT IS RECOMMENDED as follows:

1.     Defendant's motion for summary judgment (ECF No. 76) be granted.
2.     Judgment be entered in favor of defendant, California Department of Motor Vehicles, on plaintiff's remaining claims.

---

[3] The analytical framework for retaliation is the same under the ADA and the RA. Barnett v. U.S. Airlines, Inc., 228 F.3d 1105, 1121 (9th Cir. 2000) (adopting Title VII analysis for the ADA retaliation); Coons, 383 F.3d at 887 (applying ADA retaliation analysis for the RA retaliation).

1         3.       The Clerk of the Court be directed to close this case.

2       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 27, 2025

                                                              CAROLYN K. DELANEY
                                                              UNITED STATES MAGISTRATE JUDGE

8, Barnett17cv1517.msj